**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: February 11, 2026**



**Hon. Rachel M. Blise**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Tara Mae Ulness,

Debtor.

Case No. 23-11345-rmb

Chapter 13

### DECISION AND ORDER

Debtor Tara Mae Ulness received an inheritance when her mother died after confirmation of her chapter 13 plan and more than 180 days after the petition date. The chapter 13 trustee argues that Ulness must modify her chapter 13 plan to increase the distribution to unsecured creditors on account of the inheritance. Ulness argues that she cannot be required to use the inheritance to pay her unsecured creditors because the inheritance is not, and could not be, property of the bankruptcy estate under 11 U.S.C. §§ 541(a)(5) and 1306(a)(1). The Court holds that an inheritance received more than 180 days after the petition date and before the case is closed, dismissed, or converted can be property of the estate, and a debtor may be required to account for the inheritance in a modified plan.

## BACKGROUND

Ulness filed a chapter 13 petition on August 2, 2023. The Court confirmed her amended chapter 13 plan on November 14, 2023. The confirmed plan provides that unsecured creditors will not receive any distribution.

Ulness's mother died on April 2, 2024, and Ulness eventually received an inheritance in the amount of $70,725.15 from the probate estate. Ulness disclosed the inheritance by amending Schedule A/B on May 28, 2025.[1]

The chapter 13 trustee filed a motion to dismiss under 11 U.S.C. § 1307(c)(1), arguing that Ulness caused an unreasonable delay prejudicial to creditors because she did not file a modified plan to account for the inheritance and to increase the distribution to unsecured creditors. Ulness objected, arguing that she is not required to file a modified plan because the inheritance is not property of the bankruptcy estate and she therefore cannot be required to use the inheritance to fund an additional distribution to unsecured creditors.

The Court held a hearing on the motion, during which the Court noted that the Bankruptcy Code allows the chapter 13 trustee to move to modify a confirmed chapter 13 plan and questioned whether Ulness could be required to propose a modification, especially one she contests. The parties agreed that the trustee's motion presents the legal issue whether the inheritance is property that Ulness may be required to account for in a modified plan, whether such a plan is proposed

---

[1] Bankruptcy Rule 1007(h) requires disclosure of an inheritance or other property described in 11 U.S.C. § 541(a)(5) received post-petition. Fed. R. Bankr. P. 1007(h). As discussed in note 5, *infra*, the Court has assumed that § 1306(a)(1) makes an inheritance property of the estate under § 541(a)(5), though it is possible an inheritance would be property of the estate under § 541(a)(1).

2

by Ulness or the trustee, and the parties agreed to brief that legal issue in the present procedural posture. The only question before the Court, then, is whether the inheritance is an asset or income that may support modification of Ulness's chapter 13 plan. The terms of any modification are not before the Court, nor is the propriety of dismissal at this juncture.

## DISCUSSION

Section 541(a) of the Bankruptcy Code provides that the commencement of a bankruptcy case creates an estate that is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Certain property acquired after the commencement of the case is also included in the bankruptcy estate. Pertinent here, the estate includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . by bequest, devise, or inheritance[.]

11 U.S.C. § 541(a)(5)(A). If an individual debtor files a chapter 7 petition, any interest in property the debtor acquires within 180 days through bequest, devise, or inheritance becomes part of the bankruptcy estate. Any such interest obtained on or after the 181st day after the petition date is not part of the bankruptcy estate.

This case is not one under chapter 7, though; it was filed under chapter 13. In a chapter 13 case, the bankruptcy estate is broader and includes property acquired post-petition:

3

> Property of the estate includes, in addition to the property specified in section 541 . . .
>
> > (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> >
> > (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a). Section 1306(a)(1) sweeps into the chapter 13 bankruptcy estate property and earnings the debtor acquires after the petition date that would not otherwise be part of the estate if the case were filed under another chapter.

The parties' briefs center around the issue whether Ulness's inheritance is property of the bankruptcy estate under § 1306(a)(1). Based on Seventh Circuit case law, it is not at all clear that the Court needs to resolve that particular question, which turns out to be more complex than it would seem.

An order confirming a chapter 13 plan is a final order binding on all creditors and parties in interest. 11 U.S.C. § 1327(a); *see also In re Terrell*, 39 F.4th 888, 890 (7th Cir. 2022). Generally all property of the estate vests in the debtor on confirmation, unless the plan or confirmation order provides otherwise. 11 U.S.C. § 1327(b) ("Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."); *see also In re Cherry*, 963 F.3d 717, 720 (7th Cir. 2020) ("A bankruptcy court may confirm a plan that holds property in the estate only after finding good case-specific reasons for that action.").

4

After confirmation, some portion of the debtor's property, including property described in § 1306(a) may no longer be property of the estate, while some portion may remain property of the estate. *See Black v. United States Postal Service (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997) (the trustee controls "only so much of the income (or [the debtor's] other property) as necessary to the fulfillment of the plan"). There is a dispute among the bankruptcy courts regarding the continuing scope of the bankruptcy estate after confirmation where the plan provides, as it does here, that property of the estate vests in the debtor at confirmation, with courts following at least five different approaches. See, e.g., *In re Marsh*, 647 B.R. 725, 730-34 (Bankr. W.D. Mo. 2023) (collecting cases and describing the approaches). This Court need not decide the precise scope of the post-confirmation bankruptcy estate to resolve the issues raised in this case, because the Seventh Circuit has held that a confirmed plan may be modified to reach property acquired post-confirmation that is not property of the estate before the modification.

In *Heath*, the debtor's employer withheld a fee from his post-confirmation wages pursuant to a wage assignment order. 115 F.3d at 522. The fee did not reduce the amount remitted to the chapter 13 trustee, but the trustee sued the employer to recover the fee. *Id.* at 522-23. The Seventh Circuit held that the wages from which the fee was taken were not property of the estate because "confirmation [of a chapter 13 plan] returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Id.* at 524. The trustee therefore lacked standing to bring a case regarding those wages. *Id.* Under *Heath*, property

5

acquired post-confirmation that is not required for the fulfillment of a chapter 13 plan may not be property of the estate after confirmation. But the scope of property needed to fulfill a confirmed plan can change over time.

Notwithstanding the finality of confirmation orders, a confirmed chapter 13 plan may be modified for one of four enumerated reasons. 11 U.S.C. § 1329(a). A post-confirmation modification may be requested by the debtor, the chapter 13 trustee, or an unsecured creditor. *Id.* One allowable purpose of modification is to "increase or reduce the amount of payments on claims of a particular class provided by the plan." *Id.* § 1329(a)(1).[2] A debtor's plan may be modified on request of a trustee or unsecured creditor to increase payments to unsecured creditors based on an increase in the debtor's post-confirmation wages "that affects his or her ability to make plan payments." *Germeraad v. Powers (In re Powers)*, 826 F.3d 962, 971 (7th Cir. 2016); *see also In re Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994) (post-confirmation modification does not require a "minimal showing of a change in circumstances").

Reading *Powers* and *Heath* together, a debtor's wages (and other property) not necessary to fulfillment of a confirmed plan may not be property of the estate after confirmation, but a trustee can propose a modified plan that would increase plan payments to reach those wages (or other property).[3] Nothing in Seventh

---

[2] While the confirmed plan in this case does not anticipate any distribution to unsecured creditors, the plan nevertheless "provides for" general unsecured creditors as a class. *E.g., Shook v. CBIC (In re Shook)*, 278 B.R. 815, 825, (B.A.P. 9th Cir. 2002) ("[A] plan which proposes to pay nothing on a claim does indeed 'provide for' the claim."); *see also* Dkt. No. 21 at 3, Amended Chapter 13 Plan, Part V.

[3] One court has suggested that property needed to make payments under the plan remains in the estate, and that the estate increases upon approval of a modified plan with increased payments. *See*

Circuit case law suggests that a trustee can reach only wages, assets, or other income that would be or could be part of the bankruptcy estate under § 541(a) or § 1306(a) through a post-confirmation modification. One commentator suggested that "whether [an inheritance] is property of the estate should not be determinative." Hon. W. Homer Drake, Jr., et al., *Chapter 13 Practice & Procedure* § 11:13 n.24 (2025 ed.).

Ulness's argument raises just that thorny question, though; she asserts that a plan cannot be modified by a trustee to reach property that would not be part of the bankruptcy estate if the property had been acquired before confirmation. The Court can avoid wading into that particular thicket if the trustee is right that Ulness's inheritance is or could be property of the estate under § 1306(a)(1), because then any modification would reach assets that might be property of the estate notwithstanding the vesting at confirmation. So the Court first addresses whether the inheritance is or could be property of the estate under § 1306(a)(1), and then whether the trustee can seek a modification based on Ulness's receipt of the inheritance.

---

*In re Crowder*, No. 23-90339, 2025 WL 3465900, at *2-3 (Bankr. C.D. Ill. Dec. 2, 2025) ("After-acquired money (or other property) not needed to fulfill the plan does not become property of the estate under § 1306(a); it belongs to the debtor. . . . A trustee who learns of extra resources available to pay creditors may thus move to increase the plan payments, thereby increasing the size of the estate."). That may be the correct way to view the scope of the post-confirmation estate, but the Court need not decide at this juncture whether a modified plan does increase the size of the estate.

7

## An Inheritance Received More Than 180 Days After the Petition Date Is or Can Be Property of the Bankruptcy Estate

The trustee argues that the inheritance Ulness received is or can be property of the estate under § 1306(a)(1) because it is property that Ulness acquired after the commencement of the case but before the case was closed.  *See* 11 U.S.C. § 1306(a)(1) (property of the estate includes "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted").  Ulness argues that § 1306(a)(1) cannot draw into the estate any inheritance a debtor receives or obtains the right to receive after 180 days after the petition date by virtue of the time-limiting language in § 541(a)(5).  *See* 11 U.S.C. § 541(a)(5) (property of the estate includes property acquired by bequest, devise, or inheritance "that the debtor acquires or becomes entitled to acquire within 180 days after [the petition date]").

The issue ought to be settled by *In re Lybrook*, 951 F.2d 136 (7th Cir. 1991). In that case, the debtor filed a bankruptcy petition under chapter 13 and later converted the case to one under chapter 7.  *Id.* at 136-37.  Before the conversion from chapter 13 to chapter 7 and more than 180 days after the petition date, one of the debtors inherited farmland worth $70,000.  *Id.* at 137.  The precise question before the Seventh Circuit was whether the farmland was part of the chapter 7 estate after conversion.  To make that determination, the court had to decide whether the inherited land was property of the chapter 13 estate before conversion.

The Seventh Circuit noted that the inheritance would not have been included in the bankruptcy estate had the original petition been filed under chapter 7.  *Id.*

8

The court went on to say, "The Chapter 13 estate, however, is larger than the Chapter 7 estate. . . . There is no 180-day limitation. The bequest was property 'of the kind specified' in section 541, so it went into the Chapter 13 estate in January 1987." *Id.* Because the inheritance was included in the chapter 13 estate, it remained property of the bankruptcy estate when the case was converted to chapter 7. *Id.* at 139 ("There was a Chapter 13 estate, it included the inheritance, and it continued intact into Chapter 7 upon conversion.").[4] Congress has not amended sections 541(a)(5) or 1306(a)(1) since *Lybrook*. Therefore, the Seventh Circuit's threshold conclusion that an inheritance received more than 180 days after the petition date becomes property of a chapter 13 bankruptcy estate is controlling.

Ulness argues that the Court need not apply *Lybrook* here because the opinion "summarily states that § 1306(a)(1) does away with the 180 day limitation and moves on to interpret § 348 as it was written at the time." Dkt. No. 37 at 9. This Court is not free to disregard Seventh Circuit precedent, no matter how "summary" the court's analysis is. *Cf. Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted). Indeed, the

---

[4] Congress later added 11 U.S.C. § 348(f), which provides that when a case under chapter 13 is converted to another chapter, the converted estate consists only of "property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). After the amendment, the converted estate generally does not include property acquired while the debtor was in chapter 13 that would not have been part of the estate had the case originally been filed under another chapter. *See Harris v. Viegelahn*, 575 U.S. 510, 517 (2015).

9

only other court in the Seventh Circuit to address this issue concluded that it was bound by *Lybrook*. *See In re Powell*, No. 20-80154, 2022 WL 1043502, at *4 (Bankr. C.D. Ill. Apr. 7, 2022) ("Following . . . the Seventh Circuit's reasoning in *Lybrook*, this Court determines that § 1306(a) operates to create a temporally enlarged estate in Chapter 13 cases that includes the kinds of property described in § 541(a) that the debtor acquires or becomes entitled to acquire before the case is closed, dismissed or converted, including the kinds of property described in § 541(a)(5).").

Nor did the Seventh Circuit overrule or abandon the *Lybrook* holding *sub rosa* by failing to cite the decision in *Heath*, issued six years later. Ulness muses that *Heath* does not cite *Lybrook* because Congress added § 348(f) to the Bankruptcy Code in the years between the two decisions. *See* Dkt. No. 37 at 9. Section 348(f) defines the scope of a bankruptcy estate when a case is converted from chapter 13 to another chapter. 11 U.S.C. § 348(f). In most cases it excludes from the converted estate property swept into the chapter 13 estate by § 1306(a). The new § 348(f) added after *Lybrook* redefined the scope of the converted estate; it did not redefine or affect the scope of a chapter 13 estate before any conversion.

Even without the benefit, and command, of the *Lybrook* decision, the Court nevertheless would conclude that a post-petition inheritance received more than 180 days after the petition date is property of the bankruptcy estate under § 1306(a)(1). Ulness's argument is premised on the time limitation in § 541(a)(5) for property obtained through inheritance. Section 1306 brings into the estate "all property of the kind specified in [§ 541] that the debtor acquires after the

10

commencement of the case." 11 U.S.C. § 1306(a)(1). According to Ulness, "property of the kind specified" in § 541(a)(5) is an inheritance received within 180 days after the petition date. She argues that an inheritance received on the 181st day after the petition date is not "of the kind" specified in § 541(a)(5). Ulness says that bringing § 541(a)(5) property into the estate under § 1306(a)(1) also imports the time limitation in that subsection.

But "[s]ection 1306 is itself a temporal provision extending the estate's reach until the case is closed, dismissed, or converted." *In re Tinney*, No. 07-42020-JJR13, 2012 WL 2742457, *2 (Bankr. N.D. Ala. July 9, 2012). "The kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired." *Id.* The plain language of § 1306(a)(1) "manifests Congress's intent to expand the estate for Chapter 13 purposes by capturing the types, or 'kind,' of property described in Section 541 (such as bequests, devises, and inheritances), but not the 180-day temporal restriction." *Dale v. Maney (In re Dale)*, 505 B.R. 8, 11 (B.A.P. 9th Cir. 2014) (quoting *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013)).[5]

Section 541(a)(1) has its own time limitation. It provides that the estate includes "all legal or equitable interests of the debtor in property *as of the*

---

[5] It is not clear that § 541(a)(5) even applies to the inheritance. Section 541(a)(1) makes every "legal or equitable interest[] of the debtor in property" part of the bankruptcy estate, and § 1306(a)(1) makes all such interests acquired after the petition date part of the estate. An inheritance is a legal or equitable interest of the debtor in property, so § 1306(a)(1) would make any inheritance received after the petition date but before the case is closed, dismissed, or converted part of the bankruptcy estate even without § 541(a)(5). However, § 541(a)(5) specifically mentions property acquired through inheritance, and "it is a commonplace of statutory construction that the specific governs the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). The Court therefore has assumed that § 541(a)(5) governs in this case because the outcome is the same regardless of whether the Court applies § 541(a)(1) or § 541(a)(5).

11

*commencement of the case.*" 11 U.S.C. § 541(a)(1) (emphasis added). Just as an inheritance acquired on the 181st day is not property of the bankruptcy estate under § 541(a)(5), other property acquired on the second day after the petition date is not property of the bankruptcy estate under § 541(a)(1). Applying Ulness's interpretation of § 1306(a)(1) to § 541(a)(1), property acquired after the petition date would not be "property of the kind specified" in § 541(a)(1) so it would not be brought into the estate through § 1306(a)(1). That cannot be the rule. Section 1306(a)(1) necessarily must nullify the time limitation in § 541(a)(1), or it would have no effect. *See City of Chicago v. Fulton*, 592 U.S. 154, 159 (2021) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.") (quotation omitted). If § 1306(a)(1) nullifies the time limitation in § 541(a)(1), then it must also nullify the time limitation in § 541(a)(5). *See Carroll v. Logan*, 735 F.3d 147, 152 (4th Cir. 2013) ("[I]f Section 541's 180-day rule restricts what is included in a Chapter 13 estate, then Section 1306(a), which expands the temporal restriction for Chapter 13 purposes, loses all meaning.").

The vast majority of courts that have addressed the issue likewise have concluded an inheritance received more than 180 days after the petition date is part of the chapter 13 bankruptcy estate by virtue of § 1306(a)(1). *See Carroll*, 735 F.3d at 152; *In re Dale*, 505 B.R. at 11; *In re Vannordstrand*, 356 B.R. 788 (B.A.P. 10th Cir. 2007) (table case); *In re Rankin*, 546 B.R. 861, 868 (Bankr. D. Mont. 2016); *In re Gilbert*, 526 B.R. 414, 418 (Bankr. N.D. Ga. 2015); *In re Zisumbo*, 519 B.R. 851, 855

12

(Bankr. D. Utah 2014); *In re Roberts*, 514 B.R. 358, 363 (Bankr. E.D.N.Y. 2014); *In re Tinney*, 2012 WL 2742457, at *1 (collecting cases).

The few decisions to the contrary are unpersuasive. *E.g.*, *In re Key*, 465 B.R. 709, 711 (Bankr. S.D. Ga. 2012); *In re Walsh*, No. 07-60774, 2011 WL 2621018, at *2 (Bankr. S.D. Ga. June 15, 2011); *In re Schlottman*, 319 B.R. 23, 25 (Bankr. M.D. Fla. 2004). In *Walsh*, the court noted that a prior Eleventh Circuit decision "presumably construed" § 541(a)(1) to bring post-petition underinsured-motorist benefits into the estate under § 1306(a)(1). 2011 WL 2621018, at *2. According to the *Walsh* court, that prior circuit decision involving an asset under § 541(a)(1) could be contrasted with an inheritance under § 541(a)(5) because "§ 541(a)(1) contains no time limitation at all." *Id.* As discussed, § 541(a)(1) *does* contain a time limitation: it is limited to property acquired before the petition date. Section 541(a)(5) has a similar time limitation: it is limited to property acquired before the 181st day after the petition date. The *Walsh* court relied on a distinction between sections 541(a)(1) and 541(a)(5) that makes no difference. The decisions in *Key* and *Schlottman* similarly relied on the "exclusion" in § 541(a)(5) for an inheritance received after the 180th day after the petition date without acknowledging that § 541(a)(1) also has an "exclusion" for property acquired after the petition date. *Key*, 465 B.R. at 711; *Schlottman*, 319 B.R. at 25.

Nor is the Court persuaded by Ulness's reliance on § 1306(a)(2). *See* Dkt. No. 37 at 5-6. That section brings into the chapter 13 estate all "earnings from services performed by the debtor after the commencement of the case but before the case is

13

closed, dismissed, or converted." 11 U.S.C. § 1306(a)(2). The provision counteracts § 541(a)(6), which provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, *except* such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6) (emphasis added). Post-petition wages are expressly excluded from the bankruptcy estate under § 541(a)(6). And they are not included in the expanded estate under § 1306(a)(1). Construing § 1306(a)(1) to nullify the time limitation in § 541(a)(6) – i.e., removing the "after the commencement of the case" language from § 541(a)(6) – would still exclude post-petition wages. Section 1306(a)(2) is necessary to clarify that all post-petition wages are property of the estate.

Ulness also relies on the exclusions in § 541(b). Dkt. No. 37 at 7-8. That subsection lists various property that is excluded from the bankruptcy estate. 11 U.S.C. § 541(b). Ulness's argument on this point is undeveloped. Section 541(b) expressly excludes certain property from the bankruptcy estate, regardless of when it was received. Construing § 1306(a)(1) to nullify any time restrictions in § 541 would not bring into the chapter 13 estate the property specifically excluded in § 541(b).

In sum, the inheritance Ulness received post-confirmation and more than 180 days after the petition date is or could be property of the bankruptcy estate under §§ 541(a)(5) and 1306(a)(1).

14

**The Inheritance May Support Modification of the Confirmed Plan**

Ulness argues that the trustee cannot propose a modification of the plan to account for the inheritance even if it is or could be property of the estate under § 1306(a)(1). This issue is resolved by the Seventh Circuit's decision in *Germeraad v. Powers (In re Powers)*, 826 F.3d 962 (7th Cir. 2016).

In *Powers*, the debtors' 60-month chapter 13 plan was confirmed in March 2011. *Id.* at 964. The debtors' 2012 income tax return showed their annual income had increased by $50,000 since confirmation. *Id.* The chapter 13 trustee filed a motion to modify the plan under 11 U.S.C. § 1329, proposing to increase the debtors' monthly payment by approximately $750 per month for the remaining 23 months of the plan term. *Id.* The debtors objected, arguing that the Bankruptcy Code does not permit a post-confirmation modification based on an increase in a debtor's income. *Id.* The Seventh Circuit held that "a trustee or an unsecured creditor may seek modification when the debtor's financial circumstances change after confirmation and result in the debtor's having the ability to pay more." *Id.* at 974. That is, the trustee could require an additional distribution to unsecured creditors on account of the newly-acquired assets (i.e., the debtors' post-petition wages) because the new assets changed the debtors' financial circumstances. Applying the *Powers* holding here, the trustee in this case could likewise propose an additional distribution to creditors on account of Ulness's newly-acquired assets if the new assets caused a change in her financial circumstances.

Ulness asks the Court to distinguish *Powers* on the basis that the change in financial circumstances in *Powers* was an increase in post-confirmation wages while

15

Ulness's change in financial circumstances is based on an increase in other assets. The Court is unpersuaded that there is any such distinction to be made. Ulness provides no authority for the proposition that the only change in financial circumstances that may support modification of a plan is receipt of additional wage income. For example, if a chapter 13 debtor won the lottery after confirmation, the winnings may cause a change to the debtor's financial circumstances sufficient to support modification of a plan. *Cf. In re Cook*, 148 B.R. 273, 280 (Bankr. W.D. Mich. 1992) ("It strains credulity for the Debtors to even argue that winning $6,000,000.00 in the lottery would not result in a rise in income significant enough to warrant modification [of their chapter 12 plan]."). Nothing in the Bankruptcy Code prohibits the trustee from seeking a modification to account for a debtor's post-confirmation receipt of property other than wage income.

Approval of a proposed modification is committed to the discretion of the bankruptcy court. *Witkowski*, 16 F.3d at 748 ("[A] creditor, debtor or trustee has the absolute right to seek modification of a bankruptcy plan after its confirmation but before completion of the plan payments. Whether the modification will be granted is within the bankruptcy court's discretion."); *see also Powers*, 826 F.3d at 972 n.4 ("a substantial, unanticipated change in circumstances is not a prerequisite to modification") (citing *Witkowski*). A change in a debtor's financial circumstances is just one basis for the court to exercise its discretion to approve a modified plan.

Neither the debtor nor the trustee has proposed a modified plan in this case. Whether the Court should exercise its discretion to approve a proposed modification

16

can be a fact-intensive matter. The decision in *In re Sorrells*, 671 B.R. 474 (Bankr. W.D. Va. 2025), provides an illustration. There, one of the debtors received approximately $26,000 after his mother died post-confirmation, and the chapter 13 trustee moved to modify the confirmed plan to require the debtors to pay the entire inheritance to increase the distribution to unsecured creditors. *Id.* at 478. After extensive analysis of the debtors' financial condition, the court determined that the debtors could use approximately $11,000 of the inheritance to make home repairs because the repairs were necessary to prevent them from experiencing a negative change in their financial circumstances; the court approved a modified plan requiring that only $15,000 of the inheritance be paid to unsecured creditors. *Id.* at 486.

In other cases, a debtor's financial circumstances may not have changed despite at all the right to receive an inheritance or other asset, or a modified plan may not be feasible because the debtor does not have the inheritance or other asset in hand. *See, e.g.*, *In re Goldston*, 627 B.R. 841, 858 (Bankr. D.S.C. 2021) ("While a debtor unquestionably has a property interest in an inheritance upon the death of the decedent and such property interest becomes property of the estate under § 1306(a), that property interest does not become realized income that could be paid to the trustee until it is distributed to the debtor as a result of the probate administration."); *In re Salinas*, No. 23-01309, 2024 WL 4263270, at *4 (Bankr. N.D. Ill. Sept. 23, 2024) ("It is unknown at this time what the personal injury claim is worth and, as a result, it is not possible to know how much it might warrant an

17

increase in payments to the general unsecured creditors – whether or not it is property of the estate.  It is also unknown if and how the debtor will be able to make any increased plan payments."); *see also Sorrells*, 671 B.R. at 483 ("[H]ad the [inherited] IRA remained in an illiquid form, it would not render the same effect on [the debtor's] financial condition. He would not have received any income from which to fund a plan.").

The parties asked the Court to decide only the legal question whether the trustee can look to Ulness's inheritance to support modification of the plan.  Suffice it to say that, as a legal matter, the trustee can propose a modified plan based on Ulness's receipt of the inheritance.  Whether such a plan is appropriate as a factual matter remains to be shown.

One final note.  Ulness argues that the plan cannot be modified because she is already contributing all her net monthly income to the plan.  She says that plan payments can be funded only through a debtor's future stream of income, and the trustee cannot propose a plan that requires her to relinquish an asset, even one that is received post-confirmation.  It is true that chapter 13 debtors generally are able to keep their property while paying their creditors out of future income.  *See Hamilton v. Lanning*, 560 U.S. 505, 508 (2010); *see also* 11 U.S.C. § 1322(a)(1) (a chapter 13 plan "shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan").  But debtors must account for the assets they keep, often by paying the value of those assets over time.  For this

18

reason, debtors sometimes propose plans that include payment from assets other than monthly wages or other earnings.

No modified plan is before the Court, so the Court does not decide whether the Bankruptcy Code allows a trustee to propose a modified plan that requires payments from a source other than a debtor's wages or other income stream. The Court also does not decide whether Ulness may be required to propose a modified plan herself if the trustee cannot propose such a plan. Nor does the Court decide whether the trustee can seek dismissal if Ulness does not propose a modified plan. It is premature for consideration of any of these issues. The Court therefore will deny the trustee's motion to dismiss without prejudice to the trustee's ability to renew the motion to raise these issues as appropriate.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the trustee's motion to dismiss is DENIED without prejudice.

###